## B. V. BREWER AND OTHERS *v.* H. PETERS, EX'R.

**Parties—Defect of—Objection.**

     If a suit is objectionable by reason of defects of parties or other informalities, the objection should be made at the time, and not in a collateral proceeding.

**Pleading—Knowledge of Contents.**

     A plea of ignorance of the contents of a petition by parties who were served with process in a former suit can avail nothing, where the petition was on file in the clerk's office, and subject to inspection.

**Judgment—Who May Attack.**

     In a suit against a church, members who are not included in the suit can not attack the judgment.

APPEAL FROM MERCER CIRCUIT COURT.

December 8, 1872.

OPINION BY JUDGE PRYOR:

The judgment rendered in July, 1868, is final between the parties to the present controversy. If that suit was objectionable by reason of a defect of parties, or other informalities, the objection should have been made at the time and not in a collateral proceeding like this. The judgment is certainly not void, and if this was a proper proceeding to revise it, there is no evidence of any fraud on the part of the appellee. Much proof is taken to show a want of authority in the trustee to purchase the property of Peters, and for which the judgment sought to be reformed was obtained.

These trustees were members of that church, and although they deny all authority to purchase, we can not concede that they made the contract with the appellee with no intention of paying him. If they were sued individually for the debt, their answer would be that they purchased it for the church and held it as church property, and this is true. How, then, can the church escape liability. It is no answer to allege that these trustees, who were members of the church and served with process in the suit of July, 1868, were ignorant of what that petition contained. It was on file in the clerk's office, and no concealment made of its contents. It was their duty as trustees and as members of the church whose property was sought to be subjected, to make defense and to know the nature and char-

acter of the claim asserted against them. Every defense relied on also should have been pleaded in the former suit, and the only ground relied on for annulling that judgment is that the defendants neglected to make any defense to the action, believing that it was only a suit to enforce the vendor's lien. If the defendants in the original suit had been proceeded against not as trustees but as members of the church alone, the result would have been the same. Those members not included in the suit could not attack the judgment, for the reason that they were not parties. Those sued had an interest in the property and were proceeded against as the representatives of the church and the objection should have been made by those in that proceeding.

Judgment *affirmed*.

*T. C. Bell, for appellants.*

*Polk, for appellee.*

*Attorney General, for appellant.*